On Application for Rehearing
PER CURIAM.
The purpose of this Per Curiam is to, in effect, strike and completely delete from the above and foregoing opinion the following holding together with all common law citations in support thereof and we quote:
“It is true that in Louisiana the members of an ordinary partnership are bound jointly and not severally for firm obligations based on contract but when a partnership is answerable for the tort of any member the liability of the partners is joint and several, i. e., in solido.”
It was completely unnecessary for this court to pass upon the liability of a non-tort feasor partner of an ordinary partnership as the result of the commission of a tort by a fellow partner during the course of the partnership business. The above holding constitutes obiter dictum and is to be considered as completely deleted from the opinion as well as the common law authorities cited to substantiate such a holding.
The above deletion or striking does not change the holding of the court in this case that all joint tort feasors who actually commit a tort are liable in solido, regardless of whether, at the time of the commission of the tort, they are members of an ordinary partnership. This was the express holding *177 and the basis of the opinion m the case of Baldy and another v. Brackenridge and another, 39 La.Ann. 660, 2 So. 410, fully discussed in the above opinion. In that case, the court held that both members of the ordinary partnership had actually committed the tort and they were held under the general lav/ of torts liable in solido and not jointly for one-half each. In the case of Guarantee Trust & Safe Deposit Co. v. E. C. Drew Inv. Co. et al, 107 La. 251, 31 So. 736, in essence, the court held that since the partners had contributed to the tort their liability was in solido under Civil Code 2324, which appears to be identical with the holding in Baldy v. Brackenridge, supra. In Thomas v. Lobrano, La.App., 76 So.2d 599, although the court found that the relation which existed between Dr. Lobrano and the sanitarium was that of a partnership, Dr. Lobrano and the sanitarium were each guilty of neglect and were therefore “joint tort-feasors and either, or both, are solidarily liable.”
In Favalora v. Aetna Casualty & Surety Company, La.App., 144 So.2d 544, cited and discussed in the above and foregoing opinion, although stating that we believe it unnecessary to place the hospital’s liability on the basis of partnership “as counsel for appellants suggests was done in the Lobrano case, supra”, this court held “The law of this state is well settled to the effect that all persons whose negligence concurred in and contributed to a plaintiff’s injuries are liable in solido therefor.”
Therefore, regardless of whether we were in error in holding the non-tort feasor members of an ordinary partnership liable in solido with the tort feasor members which we are in effect by this Per Curiam, striking and deleting from the original opinion, does not change the result because in the present case the plea of prescription was tried on the face of the pleadings which must he accepted as true under such circumstances and the petition expressly states that not only were the doctors partners but were co-tort feasors, therefore, if this allegation be sustained their liability would indeed be solidary and the institution of the demand against one would interrupt prescription against all.
For the reasons stated in this Per Curiam, the application for a rehearing is denied.